CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAY 06 2023

LAURA A. AUSTIN, CLERK
BY: s/ H. MCDONALD
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| TORIMIKA HAIRSTON, | ) |
| | ) |
| | ) Civil Action No. 4:23CV00011 |
| *Plaintiff*, | ) |
| | ) |
| v. | ) **JURY TRIAL DEMANDED** |
| | ) |
| NILIT AMERICA, INC. | ) |
| | ) |
| **SERVE**:   Harwell M. Darby, Jr. | ) |
| 37 Campbell Ave SW | ) |
| Roanoke, VA, 24011 | ) |
| | ) |
| *Defendant*. | ) |

## COMPLAINT

Torimika Hairston ("Ms. Hairston" or "Plaintiff"), by and through undersigned counsel, brings this action against Defendant Nilit America, Inc., ("Nilit") under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., Virginia's Human Rights Act, Va. Code Ann. § 2.2-3900, et seq., Va. Code Ann. § 40.1-27.3, and the common law of Virginia.

**I.     INTRODUCTION**

1.     This case involves race-based discrimination and retaliation against whistleblower-plaintiff, Ms. Hairston.  Plaintiff has evidence that Defendant, through its authorized agents: (1) discriminated against Ms. Hairston on the basis of her race; (2) conspired to terminate her because of her race and her efforts to oppose discrimination; and (3) terminated her using the pretext that she was "fomenting" employees by complaining about race-based discrimination at Nilit.

1

## II. JURISDICTION AND VENUE

2. This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S. Code § 2000e, et seq., Virginia's Human Right Act, Va. Code Ann. § 2.2-3900, et seq., and the common law of Virginia (Bowman claim).

3. This Court has subject matter jurisdiction over this action pursuant to 42 U.S.C. §§ 2000e-5(f) and 2000e06(a), and 28 U.S.C. §§ 1331 and 1345.

4. This Court has supplemental subject matter jurisdiction over the claims arising under Virginia state law because they are so related to the federal claims that they form part of the same case or controversy. 28 U.S.C.§ 1367(a).

5. Venue lies in the Western District of Virginia, Danville Division, under 42 U.S.C. § 2000e-5(f) (3) because nearly all of the unlawful employment practices documented in this Complaint occurred within the Commonwealth of Virginia.

## III. PARTIES

6. Plaintiff, Torimika Hairston, is an adult citizen and resident of the Commonwealth of Virginia.

7. Ms. Hairston began working as a Supervisor/Lead over the Inspect and Pack department since April 10, 2021.

8. Ms. Hairston is African American and was terminated when she complained about Nilit's decision to demote her and promote a Caucasian co-worker to take her position.

9. Defendant, Nilit America, Inc., is a New York corporation with its principle office located at 202 Centreport Dr Ste 325, Greensboro, NC, 27409 – 9448.

10. Nilit's Martinsville facility at which Plaintiff worked is located at 420 Industrial Park Dr, Ridgeway, VA 24148.

## IV. EXHAUSTION OF REMEDIES

11. On or about September 16, 2022, Ms. Hairston was terminated from her position as a Supervisor/Lead over the Inspect and Pack department of Nilit's facility in Martinsville, Virginia.

12. On or about October 4, 2022, Ms. Hairston filed a Charge (**Exhibit 1**) with the Equal Employment Opportunity Commission ("EEOC") alleging that Defendant had discriminated and retaliated against her based on race (African American). This Charge was brought within the 300 days provided under federal and state law.

13. On or about April 23, 2023, Plaintiff asked the EEOC to issue a Notice of Right to Sue as more than 180 days had passed without any indication the EEOC was close to completing its investigation.

14. On or about May 5, 2023, the EEOC issued a Notice of Right to Sue (**Exhibit 2**), giving Ms. Hairston 90 days to file suit against Defendant on the basis of the claims alleged in her Charge.

15. Ms. Hairston now brings this Complaint within the time period permitted to do so.

## V. LEGAL FRAMEWORK

### A. Title VII of the Civil Rights Act of 1964

16. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S. Code § 2000e, et seq. forbids discrimination or retaliation on the basis of race, color, religion, sex, or national origin.

### B. Virginia's Human Rights Act, Va. Code Ann. § 2.2-3900, et seq.

17. Under Va. Code Ann. § 2.2-3905, "[i]t is an unlawful discriminatory practice for [a]n employer to [f]ail or refuse to hire, discharge, or otherwise discriminate against any individual

with respect to such individual's compensation, terms, conditions, or privileges of employment because of such individual's … race …."

### C. Virginia's Common Law "Bowman Claim"

18. In Virginia, the at-will employment doctrine is not absolute. One exception is the "public policy exception," commonly referred to as a "Bowman claim."

19. To succeed on a Bowman claim, the employee must show that the statute falls within one of two categories: (1) the statute explicitly states that it expresses a public policy of Virginia; or (2) the statute is designed to protect the property rights, personal freedoms, health, safety, or welfare of the public and the employer violated that public policy and wrongfully discharged the employee for performing a duty under that statute or for refusing to engage in its violation.

20. The discharged employee must also show that he or she is within the class of persons the statute is designed to protect.

21. Under Virginia law, terminating an employee for internally reporting unlawful conduct is a recognized Bowman claim.

## VI. STATEMENT OF FACTS

22. Ms. Hairston began working as a Supervisor/Lead over the Inspect and Pack department since April 10, 2021.

23. As a Supervisor/Lead, Ms. Hairston earned approximately $56,000 per year, plus benefits.

24. Ms. Hairston received health insurance, dental insurance, vision and insurance, and a 401K.

25. Throughout the time Ms. Hairston worked for Nilit, she received excellent performance reviews.

26. Despite being placed in positions for which she received little to no training, her supervisors consistently told her she was a great employee and did an excellent job.

27. Ms. Hairston left Nilit for a short period because of being frustrated by the lack of training but returned when Nilit assured her it would fully train her before assigning her to a position.

28. Despite that assurance, Nilit went right back to its previous treatment of Ms. Hairston shortly after her return.

29. Nilit did not treat its employees who were not African American in this manner.

30. Despite this, Ms. Hairston continued working and earning outstanding praise.

31. On September 1, 2022, Ricardo Fernandez and Pedro Martinez, called Ms. Hairston into Mr. Fernandez's office to discuss changes they planned to make at the facility.

32. Mr. Fernandez is the Operations Director at Nilit.

33. After telling Ms. Hairston that she had been doing an excellent job, they informed her they were going to replace her with Peggy Adkins, a White co-worker whose only experience was operating a dryer.

34. Not only would Ms. Hairston be required to change jobs and lose her title, she would also be required to change shifts and take a pay cut.

35. Even worse, Nilit asked Ms. Hairston to train Ms. Adkins to do her job so she could replace her!

36. Understandably, Ms. Hairston was shocked at this news and told Mr. Fernandez that she was extremely upset by this and might just quit if Nilit insisted on treating her this way.

37. When Mr. Fernandez confirmed the decision had already been made and they were not changing their mind, Ms. Hairston told them she would accept the demotion for now and would let them know soon whether she was going to resign or continue working.

38. On September 14, 2022, Ms. Hairston sent an e-mail (**Exhibit 3**) to Nilit's Human Resources division ("HR") complaining about the racial discrimination to which she was being subjected.

39. Ms. Hairston recounted the facts in the previous paragraph, clarified that she would accept the demotion and the pay cut and continue working, but planned to sue Nilit for discriminating against her on the basis of her race.

40. On September 16, 2022 - <u>2 days after sending this e-mail to Nilit's Human Resources Division</u> – Nilit terminated Ms. Hairston for "fomenting" employees.

41. That morning, Nilit had called a team meeting to discuss "changes" being made at the facility.

42. Mr. Martinez announced that Ms. Hairston was "stepping down" as Supervisor/Lead over the Inspect and Pack department and Peggy Adkins would be taking her place.

43. Ms. Hairston spoke up and clarified that she was "stepping down" **because** Ms. Adkins was taking her place.

44. Ms. Hairston was polite, calm, and respectful when she made this comment.

45. That afternoon, Nilit's Human Resources Director, Bryan Spivey, called Ms. Hairston into his office and informed her she was being terminated immediately.

46. When Ms. Hairston asked if she was going to be given anything in writing to explain the reason for her termination, Mr. Spivey told her it would be sent to her.

6

47. Ms. Hairston was then escorted off the property by three employees (Bryan Spivey, Brenda Russell, and Carlan Craig) and banned from the premises.

48. On September 19, 2022, Ms. Hairston received a brief letter (**Exhibit 4**) dated September 16, 2022, informing Ms. Hairston she had been terminated "immediately" following that morning's meeting for "[f]omenting fellow employees."

49. Per the letter, Ms. Hairston's comment clarifying the circumstances surrounding her demotion "interrupts and confuses."

50. The termination letter confirms that Ms. Hairston was terminated for complaining about being replaced by a White employee – textbook protected activity.

## VII.   CAUSES OF ACTION

### COUNT I
### Defendant Discriminated Against Plaintiff on the Basis of Her Race in Violation of Title VII, 42 U.S.C. § 2000e-2(a)

51. Plaintiff re-alleges and incorporates by reference paragraphs 1-50 as if fully set forth in this Count I.

52. Plaintiff was at all times material hereto an employee of Defendant covered by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S. Code § 2000e, et seq., prohibiting discrimination or harassment on the basis of race.

53. Defendant is, and at all times material hereto was, an employer within the meaning of 42 U.S.C. § 2000e-b and as such was prohibited from discriminating against Plaintiff on the basis of race as set forth in 42 U.S.C. § 2000e-2(a).

54. Plaintiff is African American and is therefore a member of a protected class within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S. Code § 2000e, et seq.

55. Defendant discriminated against Plaintiff on the basis of her race in violation of Title VII by engaging in a continuing course of conduct, which included, but is not limited to, the following acts:

   a. Failing to fully train her before assigning her to a position;

   b. Replacing her with a less experienced and less qualified White employee despite Plaintiff's outstanding performance;

   c. Demoting Plaintiff, requiring her to change shifts, and cutting her pay;

   d. Requiring Plaintiff to train the less experienced and less qualified White employee to take Plaintiff's job; and

   e. inventing an absurd justification that Plaintiff was "fomenting" employees to justify their termination of Plaintiff's employment with Nilit.

56. Plaintiff's protected status – Black – was a motivating factor for this discriminatory conduct.

57. Plaintiff's supervisors and Defendant's Human Relations leadership were aware of this overtly discriminatory treatment because they participated in it.

58. As a proximate result of Defendant's unlawful treatment of Plaintiff, Plaintiff has suffered lost wages, embarrassment, humiliation, and mental anguish, all in an amount to be established at the time of trial. Plaintiff will continue to lose wages until she is reinstated to her previous position as Supervisor/Lead over the Inspect and Pack department at Nilit's facility in Ridgeway, Virginia.

59. Under 42 U.S.C. § 2000e-5, Plaintiff is entitled to recover compensatory damages, punitive damages, attorney fees, costs, and interest.

## COUNT II
### Defendants Discriminated Against Plaintiff on the Basis of Her Race in Violation of the Virginia Human Rights Act, Va. Code Ann. § 2.2-3905

60. Plaintiff re-alleges and incorporates by reference paragraphs 1-59 as if fully set forth in this Count II.

61. Plaintiff was at all times material hereto an employee of Defendant covered by the Virginia Human Rights Act, Va. Code Ann. § 2.2-3900, et seq., prohibiting discrimination or harassment on the basis of race.

62. Defendant is, and at all times material hereto was, an employer within the meaning of Va. Code Ann. § 2.2-3905 and as such was prohibited from discriminating against Plaintiff on the basis of race as set forth in Va. Code Ann. § 2.2-3905(B).

63. Plaintiff violated Va. Code Ann. § 2.2-3905(B) by engaging in the acts listed in Paragraph 55 of this Complaint.

64. Plaintiff's protected status – African American – was a motivating factor for this discriminatory and harassing conduct.

65. Plaintiff's supervisors and Defendant's Human Relations leadership were aware of this overtly discriminatory treatment because they participated in it.

66. As a proximate result of Defendant's unlawful treatment of Plaintiff, Plaintiff has suffered lost wages, embarrassment, humiliation, and mental anguish, all in an amount to be established at the time of trial.  Plaintiff will continue to lose wages until she is reinstated to her previous position as Supervisor/Lead over the Inspect and Pack department at Nilit's facility in Ridgeway, Virginia.

67. Under Va. Code Ann. § 2.2-3908(B), Plaintiff is entitled to recover compensatory damages, punitive damages, attorney fees, costs, and interest.

# COUNT III
## Nilit Terminated Plaintiff for Reporting Discrimination
## in Violation of Title VII, 42 U.S.C. § 2000e-3(a)

68. Plaintiff re-alleges and incorporates by reference paragraphs 1-67 as if fully set forth in this Count III.

69. Plaintiff was at all times material hereto an employee of Defendant covered by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S. Code § 2000e, et seq., prohibiting retaliation for reporting discrimination on the basis of race, gender, pregnancy, age, and disability.

70. Defendant is, and at all times material hereto was, an employer within the meaning of 42 U.S.C. § 2000e-b and as such was prohibited from retaliating against Plaintiff as a result of her opposing unlawful discrimination practices as set forth in 42 U.S.C. § 2000e-3(a).

71. Plaintiff reported the unlawful discrimination to which she was subjected on the following occasions:

    a. Complaining on September 1, 2022, that Nilit's demotion of Plaintiff was racially motivated;

    b. Sending an e-mail on September 14, 2022, to Nilit's Human Resources division ("HR") complaining about the racial discrimination to which she was being subjected and advising them she was planning to file a lawsuit against Nilit for discriminating against Plaintiff on the basis of her race; and

    c. Correcting Mr. Martinez in a team meeting on September 16, 2022, that she was taking a lower position _because_ Ms. Adkins (a White employee) was taking her place and not the other way around.

72. Subsequent to complaining about race-based discrimination at Nilit, Defendant retaliated against Plaintiff for having complained about these acts of discrimination by terminating her employment.

73. The individuals who decided to terminate Plaintiff were very much aware of her efforts to oppose discriminatory practices at Nilit.

74. As a proximate result of Defendant's retaliation against Plaintiff, Plaintiff has suffered substantial losses in earnings, deferred compensation, retirement benefits, and other employment benefits. Plaintiff has also suffered embarrassment, humiliation, and mental anguish in an amount to be established at the time of trial.

75. Under Title VII, Plaintiff is entitled to recover compensatory damages, punitive damages, attorney fees, costs, and interest.

76. Plaintiff earned approximately $56,000 per year in wages and bonuses, plus health insurance, dental insurance, vision insurance, 401k match, and other employee benefits. This amounts to annual total annual compensation of approximately $70,000.

77. Plaintiff has been out of work for just over eight months thus far, resulting in lost wages and benefits of approximately $43,000.

78. Defendant is therefore liable to Ms. Hairston for $43,000, plus pre-judgment interest from September 1, 2022, along with all additional wages and benefits she loses between May 6, 2023, and the date judgment is entered, compensatory damages for embarrassment, humiliation, and mental anguish, plus the attorney fees and costs she incurs pursuing a remedy in this matter.

## COUNT IV
### Nilit Terminated Plaintiff for Reporting Discrimination in Violation of Va. Code § 40.1-27.3

79. Plaintiff re-alleges and incorporates by reference paragraphs 1-78 as if fully set forth in this Count IV.

80. By virtue of the acts described above, Defendant retaliated against Ms. Hairston in violation of Va. Code § 40.1-27.3 when it terminated her employment because she "in good faith report[ed] a violation of any federal or state law or regulation to a supervisor…."

81. The individuals who decided to terminate Plaintiff were very much aware that she had reported violations of federal and state law taking place at Nilit.

82. Those violations of state and federal law included acts of discrimination against Defendant's employees on the basis of race.

83. Under Va. Code § 40.1-27.3(C), Ms. Hairston is entitled to reinstatement, compensation for wages and benefits she lost following her unlawful termination, along with pre-judgment interest of 6%, attorney fees, and costs.

84. Plaintiff has been out of work for just over eight months thus far, resulting in lost wages and benefits of approximately $43,000.

85. Defendant is therefore liable to Ms. Hairston for $43,000, plus pre-judgment interest from September 1, 2022, along with all additional wages and benefits she loses between May 6, 2023, and the date judgment is entered, compensatory damages for embarrassment, humiliation, and mental anguish, plus the attorney fees and costs she incurs pursuing a remedy in this matter.

## COUNT V
### Bowman Claim under Virginia Common Law

86. Plaintiff re-alleges and incorporates by reference paragraphs 1-85 as if fully set forth in this Count V.

87. Under Virginia law, an at-will employee asserting a wrongful discharge claim must identify a Virginia statute establishing a public policy that was violated by the employer.

88. Va. Code Ann. § 2.2-520(A) states,

> <u>It is the policy of the Commonwealth of Virginia to provide for equal opportunities throughout the Commonwealth to all its citizens, regardless of race, color</u>, religion, national origin, <u>sex</u>, <u>pregnancy</u>, childbirth or related medical conditions, age, sexual orientation, gender identity, disability, familial status, marital status, or status as a veteran <u>and, to that end, to prohibit discriminatory practices with respect to employment</u>, places of public accommodation, including educational institutions, and real estate transactions by any person or group of persons, including state and local law-enforcement agencies, in order that the peace, health, safety, prosperity, and general welfare of all the inhabitants of the Commonwealth be protected and ensured.

(Emphasis added.)

89. Moreover, Va. Code Ann. § 2.2-3905(B)(1)(a) states,

> It is an unlawful discriminatory practice for [a]n employer to [f]ail or refuse to hire, discharge, or otherwise discriminate against any individual with respect to such individual's compensation, terms, conditions, or privileges of employment because of such individual's race ….

90. The Commonwealth has forcefully established a clear public policy against race-based discrimination and has proclaimed such behavior unlawful.

91. In addition to discriminating against Ms. Hairston by demoting her without justification and requiring her to train the White employee who replaced her, Defendant also retaliated against Plaintiff by terminating her shortly after she notified Defendant she would be suing Nilit for race-based discrimination and only a few hours after she clarified in a meeting the decision to replace her with a White employee was Nilit's decision, not hers.

13

92. As a proximate result of Defendant's unlawful treatment of Plaintiff, Plaintiff has suffered lost wages, embarrassment, humiliation, and mental anguish, all in an amount to be established at the time of trial. Plaintiff will continue to lose wages until she is reinstated to her previous position as Supervisor/Lead over the Inspect and Pack department at Nilit's facility in Ridgeway, Virginia.

93. Plaintiff is also entitled to punitive damages of up to $350,000 under <u>Bowman v. State Bank of Keysville</u>, 229 Va. 534 (1985) and the common law of the Commonwealth of Virginia.

## VIII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Torimika Hairston prays that judgment be entered in her favor and against the Defendant as follows:

a. That Plaintiff be reinstated to Supervisor/Lead over the Inspect and Pack department she previously held or be paid an appropriate amount in front-pay in lieu of reinstatement;

b. That Defendant pay compensatory damages for all lost wages, bonuses, benefits, and promotions Plaintiff lost and continues to lose as a result of Defendant's unlawful termination until she is reinstated as Supervisor/Lead over the Inspect and Pack department at Nilit's facility in Ridgeway, Virginia.

c. That Defendant pay punitive damages in an amount not to exceed $350,000 pursuant to Title VII, 42 U.S.C. § 2000e-2(a) and Va. Code Ann. § 2.2-3908(B) for unlawfully discriminating against Plaintiff on the basis of her race;

  d. That Defendant pay punitive damages in an amount not to exceed $350,000 pursuant to <u>Bowman v. State Bank of Keysville</u>, 229 Va. 534 (1985) and the common law of the Commonwealth of Virginia for unlawfully terminating Plaintiff;

  e. That Defendant pay punitive damages in an amount not to exceed $350,000 pursuant to Title VII, 42 U.S.C. § 2000e-3(a) and Va. Code Ann. § 2.2-3908(B) for retaliating against Plaintiff by unlawfully terminating Plaintiff as a result of her efforts to oppose unlawful discrimination by Nilit;

  f. That Plaintiff be awarded all reasonable attorney fees and costs, pursuant to Title VII, 42 U.S.C. § 2000e-5, and Va. Code Ann. § 2.2-3908(B), and Va. Code Ann. § 40.1-27.3.

  g. That Plaintiff be awarded post-judgment interest; and

  h. That the Court award such other and further relief as is just, equitable, and proper.

**PLAINTIFF DEMANDS A JURY ON ALL ISSUES SO TRIABLE.**

May 6, 2023

                Torimika Hairston

               By: **/s/ Christopher E. Collins**
                  Christopher E. Collins
                  *Counsel for Plaintiff*

Christopher E. Collins (VSB No. 90632)
Mia Yugo (VSB No. 92975)
**YUGO COLLINS, PLLC**
25 Franklin Road, SW
Roanoke, Virginia 24011
Tel: (540) 861-1529
Direct: (540) 855-4791
chris@yugocollins.com
mia@yugocollins.com

*Counsel for Plaintiff*